UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JULION PARKER, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:22-cr-00096-JDL |
| | ) | 2:23-cv-00443-JDL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 46.) Following a guilty plea, Petitioner was convicted of being a felon in possession of ammunition; the Court sentenced Petitioner to seventy months in prison. (Judgment, ECF No. 32.) Petitioner did not file an appeal.

In apparent reliance upon the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Petitioner contends the conviction infringed his constitutional right to bear arms. The Government asks the Court to dismiss the motion. (Response, ECF No. 49.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In August 2022, the Government charged Petitioner with possessing ammunition after having been convicted of a crime punishable by more than one year in prison in

violation of 18 U.S.C §§ 922(g)(1) and 924(a)(2).  (Information, ECF No. 1.)  Petitioner waived indictment and pled guilty in September 2022.  (Waiver of Indictment, ECF No. 7; Guilty Plea, ECF No. 8.)  In December 2022, the Court sentenced Petitioner to seventy months in prison to be followed by three years of supervised release.  (Judgment, ECF No. 32.)  He did not file an appeal.

Petitioner filed the § 2255 motion approximately one year later.

## DISCUSSION

**A.     Legal Standard**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief.  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).  When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge

gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong

3

will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to

supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     *Bruen* Claim**

Petitioner argues that his conviction was unconstitutional because punishing him for possessing ammunition or firearms infringed his Second Amendment right to bear arms. In *Bruen*, the Supreme Court invalidated some state licensing processes that burdened the right of law-abiding citizens to carry handguns outside the home for self-defense, 142 S. Ct. at 2122, but the Supreme Court did not address § 922(g)(1) or any other federal criminal firearm statute. The Supreme Court also instructed courts to use a different analysis for Second Amendment challenges than previously employed by some lower courts, *id.* at 2126, which has prompted some prisoners to challenge collaterally their firearms convictions.

In general, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," *Teague v. Lane*, 489 U.S. 288, 310 (1989), but "new substantive rules"—those that "alter the range of conduct or class of persons that the law punishes"—apply retroactively on collateral review. *Edwards v. Vannoy*, 593 U.S. 255, 276 (2021). *Bruen* is of no assistance to Petitioner.

First, the Supreme Court issued its opinion before Petitioner was sentenced, before the deadline to file an appeal, and, therefore, before his conviction became final. In other words, *Bruen* was the governing law in his case and, to the extent the decision required a

different analysis given the circumstances of Petitioner's case, the law announced in the decision would have been applied if Petitioner had raised it. Petitioner did not raise the issue. Second, even if Petitioner's sentence had become final before the *Bruen* decision, the case did not establish a new substantive rule regarding § 922(g)(1) convictions that is retroactively applicable on collateral attack because the case did not narrow the scope of the conduct or class of persons governed by § 922(g)(1) or any other federal criminal statute. While the new historical test might theoretically be used to invalidate a provision underlying a federal firearms conviction in a subsequent case, *see, e.g.*, *United States v. Rahimi*, 61 F.4th 443, 448 (5th Cir. 2023) (applying in a direct appeal the new historical analogue test and ruling that § 922(g)(8) is unconstitutional), *cert. granted*, 143 S. Ct. 2688 (2023), the *Bruen* Court's discussion about historical analogues does not itself constitute a new retroactively applicable rule of law that would support a postconviction challenge to a § 922(g)(1) conviction. *See Sawyer v. Smith*, 497 U.S. 227, 236 (1990) (warning against interpreting or applying retroactivity rules at a high level of generality); *Barragan-Gutierrez v. United States*, 668 F. Supp. 3d 1231, 1233 (D. Wyo. 2023) (noting that nothing in *Bruen* modified the statements approving federal statutes disarming felons within *D.C. v. Heller*, 554 U.S. 570, 626 (2008), and noting that three members of the six-justice majority in *Bruen* concurred separately to emphasize the narrowness of the opinion); *United States v. Hackworth*, No. 8:19CR275, 2023 WL 6587977, at *2 (D. Neb. Oct. 10, 2023) (contrasting decisions which themselves establish a new retroactively applicable rule with a decision like *Bruen*, which "merely serves as a predicate for urging adoption of

another new rule that would recognize the right asserted by [Petitioner]") (internal quotation marks omitted).[1]

Furthermore, Petitioner procedurally defaulted his Second Amendment challenge by failing to raise the issue before sentencing or on direct appeal, *see Bousley v. United States*, 523 U.S. 614, 621–22 (1998), despite the fact that *Bruen* was decided before Petitioner's sentencing. "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law," *Martinez v. Ryan*, 566 U.S. 1, 10 (2012), or by showing that a miscarriage of justice would occur because, "in light of new evidence, it is more likely than not" that the petitioner is actually innocent of the crime. *House v. Bell*, 547 U.S. 518, 536–39 (2006) (quotation omitted).

Finally, Petitioner cannot overcome the procedural default and his claim would fail on the merits even if it were not procedurally defaulted. Because the *Bruen* Court did not consider any of the federal firearms statutes and plainly stated that its rejection of government restrictions on the right to bear arms outside the home for self-defense was

---

[1] The Court need not address the question of whether *Bruen* might have recognized some other new retroactively applicable right which might be asserted by some other petitioner, such as a law-abiding citizen who was punished for carrying a firearm for self-defense outside the home without a license, or someone who was punished under the state laws the Supreme Court invalidated. *Cf. United States v. Pruitt*, No. 216CR00285APGNJK, 2023 WL 7114826, at *6 (D. Nev. Oct. 25, 2023) ("[Petitioner]'s retroactivity argument fails because, even if *Bruen* creates a substantive change in the law," it did not specifically establish a new "substantive change in relation to § 922(g)(1)"); *McCloskey v. Flowers, United States*, No. CR418-260-01, 2023 WL 5993120, at *3 (S.D. Ga. June 1, 2023) ("The threshold issue . . . is whether *Bruen* recognized a new right relevant to § 922(g)(3). However, nothing about Congress's ability to keep firearms out of the hands of drug users was explicitly decided or otherwise disturbed in *Bruen*.").

limited to "law-abiding citizens," courts in this circuit, including courts in this district, "have repeatedly rejected *Bruen* challenges to § 922(g)(1)." *United States v. Barnard*, No. 1:23-cr-00035-JAW, 2023 WL 8259153, at *7 (D. Me. Nov. 29, 2023) (collecting cases in this circuit); *see also*, *United States v. Giambro*, 676 F. Supp. 3d 9, 12–15 (D. Me. 2023) (collecting cases in other circuits); *United States v. Fulcar*, No. 23-CR-10053-DJC, 2023 WL 7116738, at *3–6, (D. Mass. Oct. 27, 2023) (collecting cases, summarizing historical precursors, and concluding that § 922(g)(1) is "'analogous enough to pass constitutional muster'") (quoting *Bruen*, 142 S. Ct. at 2133)).[2] Because *Bruen* does not undermine his § 922(g)(1) conviction, counsel did not perform deficiently by not raising the issue before sentencing or on appeal, and Petitioner was not prejudiced by counsel's decisions.[3]

---

[2] Some courts have determined that a narrow subset of felons (i.e. those who committed only more tame, technical, nonviolent, nondangerous crimes) can bring as-applied challenges to § 922(g)(1) charges following *Bruen*. *See Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023); *United States v. Levasseur*, No. 1:22-cr-00155-LEW, 2023 WL 6623165, at *2–5 (D. Me. Oct. 11, 2023). Even if this approach is ultimately adopted and applied retroactively on collateral review in a future case, I do not believe it would apply to a person with Petitioner's criminal history. (*See* Presentence Investigation Report at 10–11, ECF No. 19 (discussing many convictions including forgery, concealing stolen property, and impersonating a federal officer)); *see also*, *Levasseur*, 2023 WL 6623165, at *9 (concluding that it is constitutional to disarm someone for drug possession); *Fulcar*, 2023 WL 7116738, at *5 (discussing history of capital punishment and the forfeiture of property and other rights for forgery and counterfeiting).

[3] The Supreme Court has also recognized that if a claim "is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for [the] failure to raise the claim . . . ." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A petitioner cannot establish a claim was "not reasonably available to counsel" just because of the perception that "a claim was unacceptable to that particular court at that particular time," *see Bousley*, 523 U.S. at 622–23, but a claim is deemed unavailable when it results from a "clear break with the past" in a new Supreme Court case:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overturn a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice this Court arguably has sanctioned in prior cases.

In sum, Petitioner is not entitled to relief because his claim is barred in this proceeding and would fail on the merits even if he were permitted to raise it.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

---

*Ross*, 468 U.S. at 17 (citations, quotations, and modifications omitted); *see also Lassend v. United States*, 898 F.3d 115, 122 (1st Cir. 2018).

The *Ross* exceptions are of no assistance to Petitioner because the three scenarios can only arise when the Supreme Court has established a relevant new rule that applies retroactively to cases on collateral review. *Ross*, 468 U.S. at 17 ("we confine our attention to the specific situation presented here: one in which this Court has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application"). For the reasons discussed above, *Bruen* did not establish a new rule with retroactive application regarding § 922(g)(1) convictions following prior crimes like those found in Petitioner's criminal history.

(14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

            /s/ John C. Nivison
            U.S. Magistrate Judge

Dated this 12th day of April, 2024.